Powell v Kim (2018 NY Slip Op 04448)





Powell v Kim


2018 NY Slip Op 04448


Decided on June 14, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2018

Renwick, J.P., Gische, Andrias, Kapnick, Singh, JJ.


6900 307030/10

[*1]Marilyn Powell, as Administrator of the Estate of Akiah Powell, Plaintiff-Appellant,
v
John Kim, M.D., et al., Defendants-Respondents.


Profeta & Eisenstein, New York (Fred R. Profeta, Jr. of counsel), for appellant.
Ekblom & Partners, LLP, New York (Hillary C. Agins of counsel), for respondents.



Order, Supreme Court, Bronx County (Stanley Green, J.), entered November 3, 2016, which, to the extent appealed from as limited by the briefs, granted defendant John Kim, M.D.'s motion for summary judgment dismissing the complaint as against him, unanimously affirmed, without costs.
Defendant established prima facie that he did not depart from accepted medical practice by failing to diagnose herpes simple virus (HSV) keratitis in the decedent's right eye, through expert affirmations by an ophthalmologist and two pathologists showing that there was no HSV in the decedent's eye (see Rivera v Greenstein, 79 AD3d 564, 568-569 [1st Dept 2010]). The ophthalmologist reviewed the medical records and opined that defendant obtained an appropriate medical history, formed an appropriate differential diagnosis, and provided proper treatment for the decedent's condition. The pathologists reviewed the eye pathology slides and specimens and opined that the decedent did not have HSV during or after the time defendant treated her.
In opposition, plaintiff submitted an expert report by an ophthalmologist whose opinions failed to raise an issue of fact because they lacked record support (see Roques v Noble, 73 AD3d 204, 207 [1st Dept 2010]). Plaintiff's expert asserted that "HSV is not always apparent in a pathological specimen taken months to years after initiation of therapy." This is mere speculation that there may have been herpes in the decedent's eye.
Plaintiff argues that issues of fact as to the presence of ocular herpes are presented by various indications in the medical record that the decedent may have had a viral infection, including a notation in her primary care physician's records. However, these arguments are insufficient to refute the opinions of defendants' experts, which are based on detailed reviews of all the medical records, as well as testing of the slides and specimens.
We have considered plaintiff's remaining arguments and
finding them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 14, 2018
CLERK